HON. JOSEPH A. SPANO Corporation Counsel, Port Jervis
This is in response to your letter wherein you ask for an opinion of the Attorney General as to whether or not the City of Port Jervis is authorized to enact a local law amending the Charter of the City of Port Jervis mandating a second public hearing in the passage of a local law, such hearing to take place prior to the vote of the Common Council on such local law. The amendment would retain the mandate of the Municipal Home Rule Law that a hearing be held by the Mayor of the City before approving such local law.
The Charter of the City of Port Jervis, in Article II, §§ C2-1 and C2-3, provides for an elective Mayor who is described in section C3-5 as the Chief Executive Officer.
New York State Constitution, Article IX, § 2(c), provides in part:
 "(c) In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government * * *"
* * *
 "(3) The transaction of its business." (Emphasis supplied.)
Municipal Home Rule Law, § 10(1)(a)(3) implements the constitutional provision as it relates to a city.
Municipal Home Rule Law, § 20(5), provides in part:
 "5. In the case of a local government which does not have an elective chief executive officer as defined by subdivision four of section two of this chapter, no local law shall be passed by the legislative body until a public hearing thereon has been had before such body and in every other local government no such local law shall be approved by the elective chief executive officer until a public hearing thereon has been had before him. * * *" (Emphasis supplied.)
In 1971 Atty Gen [Inf Opns] 69, we commented on Municipal Home Rule Law, § 20, as follows:
 "Municipal Home Rule Law, Section 20, is a general statute applying to all counties, cities, towns and villages in this State and prescribes a procedure for adoption of local laws by local legislative bodies which includes the requirement, in subdivision 5 thereof, of a public hearing before any local law may be adopted by a local legislative body which does not have an elected chief executive officer; and as to those local governments which have an elected chief executive officer, requires a public hearing before approval thereof by said official."
The proposed local law calling for a second public hearing which you describe would be inconsistent with the provisions of Municipal Home Rule Law, § 20(5), a general law, and would, therefore, be proscribed by New York State Constitution, Article IX, § 2(c) and Municipal Home Rule Law, § 10(1).
From all of the foregoing, we conclude that the City of Port Jervis is not authorized to enact a local law amending its Charter requiring a public hearing in the passage of a local law prior to the vote of the Common Council in addition to the public hearing mandated by Municipal Home Rule Law, § 20 to be held by the Mayor before approval of a local law.